# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-31138
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2014

Lyle W. Cayce
Clerk

TONY CHANEY,

Plaintiff–Appellant

v.

LOUISIANA WORK FORCE COMMISSION; LOUISIANA ATTORNEY
GENERAL OFFICE; JAMES CALDWELL, DIRECTOR, ALSO KNOWN AS
BUDDY; WAYNE ROGILLIO, EXECUTIVE SECRETARY, LOUISIANA
STATE BOARD OF PRIVATE SECURITY EXAMINERS, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY,

Defendants–Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-241

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

*Pro se* Appellant Tony Chaney (hereinafter "Chaney") appeals the
district court's dismissal of his claims alleging violations of his civil rights by
Louisiana Work Force Commission, Louisiana Attorney General's Office,
Attorney General James "Buddy" Caldwell, and Wayne Rogillio (hereinafter

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-31138

"Defendants"). The district court found that Defendants were immune from suit and that Chaney failed to effectuate proper service of process on Defendants. Chaney argues that the district court erred in dismissing his action for lack of subject matter jurisdiction. We affirm the district court.

Chaney alleges the Louisiana Workforce Commission has conspired with the Louisiana Attorney General to have him categorized as a potential terrorist for the purpose of monitoring his activities. Chaney further alleges that Louisiana Attorney General and other law enforcement agencies have utilized multiple surveillance techniques in violation of his civil rights. Chaney claims that various members of law enforcement have physically threatened, intimidated, ran over, harassed, and conducted unlawful searches of Chaney and his private investigator, William Humble. He brings claims under 42 U.S.C. §§ 1983, 1985, 1986, 1988, 18 U.S.C. §§ 241, 242, and state tort law and seeks an award in the amount of ten million dollars.

The district court was correct in its ruling that the Eleventh Amendment bars Chaney's claims for monetary damages against Defendants in their official capacities. The Supreme Court has distinguished between personal- and official-capacity suits. In *Hafer v. Melo*, 502 U.S. 21, 25 (1991), the Court made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.

Chaney argues that under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), government officials sued in their official capacities are "persons" for purposes of § 1983. However, *Monell* limits immunity to local and municipal entities only to the extent that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by those whose acts may fairly represent official policy." *Id.* at 690. Chaney does not allege any

2

No. 13-31138

such policy was adopted or promulgated by Defendants. It is settled law that a suit against state officials in their official capacities does not qualify as a suit against "persons" under § 1983, and Chaney's claims must fail. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Because Chaney's claims are barred by the Eleventh Amendment, we need not reach the issue of service.[1]  AFFIRMED.

---

[1] Although Chaney has captioned his case as a suit against the departments in their official capacities and Wayne Rogillio in his individual and official capacity, he has failed to brief the issue against Rogillio in his individual capacity and therefore has waived the issue. *See United States v. Scoggins*, 599 F.3d 433, 446 (5th Cir. 2010).